**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | | 3:16-CR-16 |
| | : | |
| v. | | |
| | : | (JUDGE MANNION) |
| **SHANNON HIGGINS,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

**I.   BACKGROUND**

On August 24, 2020, defendant Shannon Higgins, an inmate confined at FCI Cumberland, Cumberland, Maryland, who is serving an aggregate 70-month federal sentence, (*see* July 13, 2016 Judgment, Doc. 23), filed, *pro se*, a Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A), and he requests his transfer from prison to home confinement with his wife and children, due to his unspecified mental health condition and the COVID-19 pandemic. (Doc. 26). Specifically, Higgins states that due to his "stable chronic care/care-1 mental health [his] immune system is more vulnerable to getting COVID-19." Higgins appears to allege that he is not safe from the virus at the prison and that the prison is not taking proper steps to keep

1

inmates safe from the virus.[1] Higgins also alleges that he has had only one minor misconduct charge filed against him since 2016. Higgins correctly states that his projected release date from prison is February 26, 2025. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results. Higgins also requests the court to appoint an attorney for him. (Doc. 26 at 2).

On August 24, 2020, the court directed the government to respond to defendant's motion by September 10, 2020. (Doc. 27). The government requested an extension of time which was granted by the court. (Docs. 28 & 29).

On September 24, 2020, the government filed its response to Higgins' motion, with attached Exhibits, and copies of his BOP medical records, which the court directed to be filed under seal. (Docs. 30 & 32).

Higgins did not file a reply brief and the time within which to do so has lapsed.

---

[1] The number of COVID-19 cases in a federal prison can be found at COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/. According to the BOP's website as of October 16, 2020, there were no current positive cases of COVID-19 among inmates and staff at FCI Cumberland, and seven inmates and six staff members had recovered from the virus.

Since the safety procedures and protocols enacted by the BOP in prisons to protect inmates and staff are found in the BOP's websites, they are not repeated herein. *See also* BOP website at: www.bop.gov/coronavirus/index.jsp. Also, the government attached to its response, (Doc. 30-2), the updated Phase 9 action plan implemented at FCI Cumberland, "in addition to other CDC guidelines followed nationwide by the BOP."

For the reasons set forth below, Higgins' motion for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i), will be dismissed without prejudice due to his failure to exhaust his prison administrative remedies under §3582(c)(1)(A)(i), since he filed his present motion before he submitted a request to the Warden.[2]

## II. DISCUSSION[3]

---

[2]To the extent Higgins, who is proceeding *pro se*, is liberally construed as also seeking home confinement designation under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, §12003, the court does not have authority to grant his request for relief and order the BOP to release him to home confinement. *See* United States v. McCann, 2020 WL 1901089, *3 (E.D. Ky. April 17, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement.") (citation omitted). *See also* United States v. Logan, 2020 WL 2559955, *2 (W.D. N.C. May 20, 2020) ("The Defendant alternatively moves the Court to order his release to home confinement due to the ongoing COVID-19 pandemic. This request, however, must also be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General."). Further, after a defendant is sentenced to imprisonment by the court, the BOP is solely responsible for determining the defendant's place of incarceration. *See* 18 U.S.C. §3621(b); 18 U.S.C. §3624(c). *See also* United States v. Delacruz, 2020 WL 3405723, *4 (M.D. Pa. June 19, 2020) ("[T]he Court is without authority to control the BOP's placement of Defendant—the Court can neither directly assign Defendant to home confinement nor direct the BOP to do so."); United States v. Powell, 2020 WL 2848190, *2 (E.D. Pa. June 2, 2020) ("[T]o the extent that [defendant] seeks to appeal the prison's denial of home confinement, such decision is not reviewable by this Court.") (citing 18 U.S.C. §3621 ("[A] designation of a place of imprisonment ... is not reviewable by any court.")).

[3] On February 11, 2016, Higgins pleaded guilty to one count of attempting to provide heroin to a fellow federal inmate, in violation of 18 U.S.C. §1791, and one count of possessing with intent to distribute heroin,

The court will first consider the exhaustion issue since "18 U.S.C. §3582 (c)(1)(A) contains a threshold exhaustion requirement." United States v. Schultz, 454 F.Supp.3d 217, 220 (W.D. N.Y. April 15, 2020). *See also* United States v. Gadsden, 2020 WL 3871083, *1 (W.D. Pa. July 9, 2020) ("In United States v. Raia, 954 F.3d 594 (3d Cir. 2020), the court of appeals held that district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies.").

The government asserts that Higgins' motion for compassionate release under 18 U.S.C. §3582(c)(1)(A), should be dismissed without prejudice since he has failed to exhaust administrative remedies and that the court lacks authority to grant his request for release to home confinement. (Doc. 30).

Specifically, the government states in its brief, (Doc. 30 at 1-2), that:

Higgins's motion is not ripe for decision, as he has not sought relief from the BOP through administrative processes; a prerequisite to petitioning this Court. The United States is enclosing a declaration from FCI Cumberland officials confirming that Higgins has not sought administrative release prior to petitioning the Court. *See* Attachment 4 [Doc. 30-3]. The Court thus does not have the jurisdiction to grant Higgins's request for compassionate release, as he has not exhausted his administrative remedies, or complied with the mandates of 18 U.S.C. §3582(c)(1).

---

in violation of 21 U.S.C. §841. On July 13, 2016, Higgins received an aggregate 70-month sentence, which ran consecutive to his federal sentence which he was serving at the time. (Doc. 26).

4

The government's Attachment 4, (Doc. 30-3), is the September 18, 2020 Declaration, under 28 U.S.C. §1746, of Mark Joseph, Case Management Coordinator for the BOP at FCI Cumberland, in which he avers that he has reviewed Higgins' records and that "Higgins has not submitted a request for reduction in sentence/compassionate release" from the Warden of FCI Cumberland. As such, Higgins has not exhausted his administrative remedies under §3582(c)(1)(A). Accordingly, the government contends that Higgins' motion should be dismissed without prejudice since it is premature.

No doubt that the court must "confirm that exhaustion is satisfied because [the Third] Circuit has held that §3582(c)(1)(A)'s exhaustion requirement is mandatory." United States v. Davidson, 2020 WL 4877255, *5 (W.D. Pa. Aug. 20, 2020) (citing United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (mandating "strict compliance" with §3582(c)(1)(A)'s exhaustion requirement)).

"The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute." Schultz, 454 F.Supp.3d at 219 (citation omitted). "A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions." *Id.* (citations omitted).

"Prior to petitioning a court for relief under §3582(c), a defendant must first file an administrative request for compassionate release with the warden of their facility and then either: (1) fully exhaust BOP's administrative remedies; or (2) wait thirty (30) days from the date their administrative request was filed with the warden." Davidson, 2020 WL 4877255, *5. Thus, "[a] prisoner may file a motion for compassionate release with the sentencing court 'after [he or she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, **whichever is earlier**.'" United States v. Harris, 973 F.3d 170 (3d Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A) (emphasis original). Further, "the [compassionate release] statute states that the defendant may file the motion thirty days after the warden receives his request." Id. (citing United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) ("But before they [file a compassionate-release motion], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond.")).

"To implement the First Step Act's expansion of compassionate release, the Bureau of Prisons issued a Program Statement listing the particular factors the BOP should consider to assess whether a request for reduction in sentence presents extraordinary and compelling circumstances. Fed. Bur. of Prisons Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18

6

U.S.C. §§3582 and 4205(g)." United States v. Hight, 2020 WL 5653487, *3 (E.D. Pa. Sept. 23, 2020).

In United States v. Williams, 2020 WL 2748287, *2 (E.D. Tenn. May 27, 2020), the court explained the process:

> The BOP has outlined the administrative appeal process. *See* Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§3582 and 4205(g) (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The BOP Program Statement explains that a prisoner seeking a compassionate release must first file a request with the warden asking the BOP to move for compassionate release on the prisoner's behalf. *See id.* at 3 (citing 28 C.F.R. §571.61).

Higgins did not reply to the government's assertion that he failed to submit a request for compassionate release to the BOP, and that he did not exhaust his administrative remedies under §3582(c)(1)(A).

It is thus undisputed that Higgins did not request the Warden at FCI Cumberland, or any BOP official, to file a motion for compassionate release on his behalf under §3582(c)(1)(A). Thus, Higgins failed to comply with the exhaustion requirement before he filed his instant motion compassionate release under 18 U.S.C. §3582(c)(1)(A).

Therefore, the court finds that Higgins' motion is premature and that he must first submit a request for compassionate release to the Warden pursuant to §3582(c)(1)(A).

Moreover, the court cannot yet determine if Higgins has demonstrated that "extraordinary and compelling reasons" warrant a reduction of his

7

sentence since he has not exhausted his administrative remedies. *See* United States v. Zukerman, 451 F.Supp.3d 329, 332 (S.D. N.Y. 2020) ("in order to be entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i), [defendant] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of his sentence."); Raia, 954 F.3d at 597 ("The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies with the BOP.) (citing 18 U.S.C §3582(c)(1)(A)(i)). The Third Circuit in Raia, *id.,* also held that defendant's failure to comply with §3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point."

As the Third Circuit in Raia, 954 F.3d at 597, explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citation omitted). *See also* United States v. Feiling, 453 F.Supp.3d 832, 837 (E.D. Va. 2020) ("the Court agree[d] with the Third Circuit [in Raia] and the district courts cited [in its decision] and will join them in holding that the mere existence of COVID-19 among the prison population and an inmate's susceptibility to it do not justify waiver of the administrative exhaustion requirement under §3582(c)(1)(A).") (string citations omitted of several cases finding that since defendant failed

8

to exhaust the administrative remedies with BOP, the Court does not possess authority to grant relief under §3582(c)(1)(A)(i), even if based on COVID-19, and that §3582(c)(1)(A) provided no authority to waive the exhaustion requirement).

Finally, Higgins has "no constitutional right to assistance of counsel in pursuing his §3582 motion." *See* U.S. v. Olden, 296 Fed.Appx. 671, 674 (10th Cir. 2008) (holding that "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction....") (citing Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir.), *cert. denied*, 555 U.S. 860, 129 S.Ct. 134 (2008)). Since Higgins' motion will be dismissed as premature, the court will deny his request for appointment of counsel.

## III. CONCLUSION

Defendant Higgins' Motion for Compassionate Release and for Release to Home Confinement related to the COVID-19 pandemic, (Doc. 26), will be **DISMISSED WITHOUT PREJUDICE** for failure to comply with the exhaustion requirement under §3582(c)(1)(A)(i) since he filed his motion before he submitted a request to the Warden. Further, insofar as Higgins is seeking this court to compel the BOP to find that he is eligible for home confinement designation under the CARES Act, the court will **DISMISS** it since the authority to make this determination lies with the BOP Director and

not the court. Finally, Higgins' request for appointment of counsel will be **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 19, 2020**
16-16-01